# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT LEE MOORE,**

    **Petitioner,**

    v.

**WARDEN, RICHLAND CORRECTIONAL INSTITUTION,**

    Respondent.

**Case No. 2:21-cv-00361**
**Judge James L. Graham**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis* with an attached prison account statement. (Doc. 2). Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED**.

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition

must be dismissed. *Id*. Applying this standard, and for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED.**

Petitioner's Motion to amend the Petition to include an additional claim (Doc. 6) is **GRANTED.**

## I. BACKGROUND

On April 23, 1991, Petitioner pleaded guilty to two counts of aggravated murder and one count of aggravated robbery, with a firearm specification. A three-judge panel sentenced him pursuant to the joint recommendation of the parties:

> {¶ 2} The parties, including Moore and his counsel, agreed that the two aggravated murder charges would "merge" and that Moore would be sentenced to a term of 20 years to life for violating the aggravated murder statute. The parties further agreed that Moore would be sentenced to a term of 10 to 25 years for aggravated robbery, with that sentence to be served consecutively to the sentence for aggravated murder. Finally, the parties agreed that Moore would serve an additional term of three years of incarceration for a firearm specification.
>
> {¶ 3} R.C. 2941.25(A), the multiple counts statute, reads:
>
> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> {¶ 4} The statute has led to 40 years of confusing and inaccurate language. The statute makes no mention of merger of offenses. The statute says a person can be convicted of only one of the allied offenses of similar import. Traditionally, the prosecution has been permitted to choose which of the offenses will result in a conviction and sentence. Prior to the enactment of the "new" criminal code in the 1970's statutes and case law discussed merger. Judges and attorneys did not rapidly adjust to the new language. Some have not adjusted yet.
>
> {¶ 5} Moore entered his guilty pleas in front of a three judge panel. This procedure was routinely used in the early 1990s when the prosecution and defense were in agreement that the defendant should not be executed and did not want a jury proceeding in a mitigation hearing. The three judge panel who accepted the guilty pleas in Moore's case also accepted its agreed upon sentences, even though the sentences were technically in error. Moore could not be convicted of two counts of aggravated murder given the facts of the case.[1]

---

[1] Petitioner indicates that the two aggravated murder charges involved one victim. (*Petition*, Doc. 1, PAGEID # 1).

> {¶ 6} Over 26 years after entering his pleas, Moore filed a motion pointing out the legal flaw in the earlier proceedings. He entitled his motion "Allied Offenses of Similar Import – Multiple Counts O.R.C. 2941.25(A) Motion to Vacate/Set aside Sentence."
>
> The State of Ohio acknowledged the legal error and suggested the remedy was to issue a corrected judgment entry finding Moore guilty of only one of the two aggravated murder charges and imposing the mandatory sentence on that one aggravated murder conviction.
>
> {¶ 7} Two of the three judges who accepted the guilty pleas are now no longer judges. The third judge will be done serving at the end of the year 2018. The judge who was assigned the case before the plea bargain was agreed upon is one of the two judges who have retired. His successor in office attempted to correct the legal problem created by the three judge panel by doing a nunc pro tunc entry striking the language which was in error.
>
> {¶ 8} Moore has appealed from that nunc pro tunc entry.
>
> {¶ 9} Moore has not really provided an assignment of error, but indicates that he wants to be sentenced on only one count of aggravated murder. However, the trial judge now handling the case did exactly that in her new entry. Moore has not been harmed by the new trial court judge.
>
> {¶ 10} We find no error in the trial court's new entry. We, therefore, affirm the judgment of the Franklin County Court of Common Pleas.

*State v. Moore*, 10th Dist. No. 18-AP-127, 2018 WL 4600872, at *1-2 (Ohio Ct. App. Sept. 25, 2018).  On April 3, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Moore*, 155 Ohio St.3d 1412 (Ohio 2019).

On March 31, 2020, Petitioner executed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (*Petition*, Doc. 1, PAGEID # 16).  On November 16, 2020, the United States District Court for the Northern District of Ohio transferred the case to this Court. (Doc. 4).  Petitioner asserts that his sentence is unauthorized and contrary to law and "und[ue] delay" under Ohio Criminal Rules on an improper sentence (claims one, two, and three); that his convictions on two counts of aggravated murder constitute allied offenses of similar import

3

(claim four); that his sentence on two counts of aggravated murder violates due process (claim five); and that it is an illegal and void under Ohio law (claims six and seven). On February 19, 2021, Petitioner wrote a letter to the Court that has been filed as a motion requesting additionally to assert that the trial court improperly issued the nunc pro tunc corrected entry of sentence outside of Petitioner's presence. (Doc. 4). This Court granted that request. For the reasons that follow, however, Petitioner's claims plainly do not provide him a basis for relief.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4.  See *Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

Here, because Petitioner pleaded guilty prior to the effective date of the AEDPA, he had one year from the effective date of the AEDPA, or until April 24, 1997, to file a timely § 2254 petition.  *Martin v. Wilson*, 110 F. App'x 488, 490 (6th Cir. 2004) (citing *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999)).  Although all of his claims related to the trial court's improper imposition of sentence would have been readily apparent in 1991, Petitioner waited years later, until March 31, 2020, to execute this habeas corpus Petition.  (Doc. 1, PAGEID # 16).  Moreover, the filing of a delayed appeal, even if it is granted, does not re-start the running of the statute of limitations.  *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)).

Yet, this action could be timely based upon the trial court's issuance of a nunc pro tunc sentencing entry to correct an erroneous judgment entry.  See *Quillen v. Warden, Marion Corr. Inst.*, No. 1:12-cv-160, 2013 WL 75973, at *6-8 (S.D. Ohio Jan. 24, 2013) (citing *Burton v. Stewart*, 549 U.S. 147, 127 (2007) (*per curiam*); *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012); *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007)).  The question is whether the uncontested nunc pro tunc modification to Petitioner's sentence to correct this error, "amounts to a 'new' sentence that re-triggered the running of the § 2244(d)(1)(A) statute of limitations." *Id*. at *9.

"Final judgment in a criminal case means sentence. The sentence is the judgment." *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020), *cert. denied*, No. 20-490, 2021 WL

78126 (U.S. Jan. 11, 2021) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States,* 302 U.S. 211, 212(1937)).

> When courts engage in a full resentencing, the resulting sentence is a new "judgment" that restarts § 2244(d)(1)'s timeclock. *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015). Which means the petitioner can challenge both his new sentence and his underlying conviction*. Id.* at 158. And in *Crangle v. Kelly*, we extended that principle to some limited resentencings, holding that "[a] new, worse-than-before sentence . . . amounts to a new judgment." 838 F.3d at 678.

*Id*. at 229.  But "limited resentencings that benefit the prisoner 'do not disturb the underlying initial judgment, which continues to constitute a final judgment.'"  *Id*. at 230 (citing *Crangle*, 838 F.3d at 678) (internal quotation marks omitted).  These appear to be the circumstances here.  As discussed, the trial court's corrected entry of sentence did not affect the length of Petitioner's sentence, because it had previously merged Petitioner's convictions on two counts of aggravated murder for sentencing.  Thus, it appears that the statute of limitations has long since expired and bars consideration of Petitioner's claims.

Moreover, as discussed below, the record does not reflect a basis for relief.

### III.  MERITS

All of Petitioner's claims, with the exception of his claim that the trial court improperly corrected the error in the judgment of sentence through issuance of a nunc pro tunc order outside of the presence of the Petitioner, relate to his assertion that he was improperly convicted on two, instead of one, count of aggravated murder, despite the trial court's merger of these claims for sentencing purposes.  However, the trial court has corrected that error.  Therefore, it does not provide Petitioner a basis for relief.

6

Petitioner has procedurally defaulted his claim that the trial court denied him the right to be present for issuance of the nunc pro tunc sentencing entry.[2] Petitioner did not raise this claim in the Ohio Court of Appeals. And application of Ohio's doctrine of res judicata bars him from doing so now. *See Kurtz v. Warden, Belmont Corr. Inst.*, 2020 WL 4815080, at *4 (S.D. Ohio Aug. 19, 2020) (enforcing procedural default based on the failure to raise a claim on direct appeal). "[T]he Sixth Circuit has held that Ohio's doctrine of res judicata is an independent and adequate ground for denying federal habeas relief." *Id.* (citing *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998)). Further, it does not appear that Petitioner can establish cause and prejudice for this procedural default. *See Williams v. Burt*, 949 F.3d 966, 972–73 (6th Cir. 2020) (citing *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (*en banc*); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (outlining the four-factor *Maupin* test).

Further, the claim plainly lacks merit. "The issuance of the nunc pro tunc judgment entry does not constitute a critical stage of the criminal proceedings." *Foster v. Warden, Toledo Corr. Inst.,* No. 1:15-cv-213, 2018 WL 6803733, at *1 (S.D. Ohio Dec. 27, 2018) (citing *Brister v. Kelly*, No. 2:14-CV-2024, 2015 WL 7076607, at *5 (S.D. Ohio Nov. 13, 2015), *report and recommendation adopted*, No. 2:14-CV-2024, 2015 WL 8485262 (S.D. Ohio Dec. 9, 2015)). Thus, a criminal defendant has no constitutional right to be present where, as here, the trial court

---

[2] This Court may sua sponte raise the issue of procedural default when conducting preliminary review under Rule 4. *See Rio Sanchez v. Turner*, No. 2:19-cv-1243, 2019 WL 1778945, at *1 n.1 (S.D. Ohio Apr. 23, 2019) (citing *Watkins v. Warden, Dayton Corr. Inst.*, No. 2:16-cv-00501, 2016 WL 4394138, at *2 (S.D. Ohio Aug. 18, 2016) ("[A]lthough federal courts are not required to raise procedural default sua sponte, neither are they precluded from doing so.") (citing *Sheppard v. Bagley*, 604 F.Supp.2d 1003, 1013 (S.D. Ohio 2009)).

issues a nunc pro tunc judgment entry of sentence for correction of an error. *See Mitchell v. Warden*, No. 2:17-cv-419, 2018 WL 1907425, at *7 (S.D. Ohio April 23, 2018).

> "[T]he defendant. . . has a due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.'" *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (citing *Snyder v. Massachusetts*, 291 U.S. 97, 105–106 (1934)). In other words, "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Id.* However, the Supreme Court "has emphasized that this privilege of presence is not guaranteed 'when presence would be useless, or the benefit but a shadow[.]'" *Id.* (citing *Snyder,* at 106–07). Thus, the Petitioner had no constitutional right to be present when the trial court did nothing more than issue a corrected sentencing entry to correct a clerical mistake, so that the judgment entry would accurately reflect what had occurred at sentencing. *See Falkenstein v. Kelly*, No. 1:14-cv-1629, 2015 WL 3824369, at *2 (N.D. Ohio June 19, 2015) (no constitutional right to be presence at a hearing on post release control for issuance of nunc pro tunc entry to reflect what had taken place at sentencing) (citing *Kentucky v. Stincer*, 482 U.S. 730 (1987)). Further, the Petitioner cannot establish prejudice based on his absence from the trial court's correction of his sentence. *See Howard v. Wilson*, No. 1:07-cv-3240, 2008 WL 4837563, at *8 (N.D. Ohio Oct. 8, 2008) (harmless error applies to the denial of the right to be present).

*Id*.

As a result, none of Petitioner's claims provide him a basis for relief.

### III.  DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    IT IS SO ORDERED.


Date: March 9, 2021　　　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE